the balance, if any, to the said Davis and Marcus. If this under any circumstances was an enforceable agreement, it was only on condition that the composition agreement was signed by all the firm's creditors. It was not signed by all of them. It seems to me, therefore, that the agreement was an unenforceable one, and if Handman's promise to pay 25 cents on the dollar to the firm's creditors could not be enforced there was no consideration for the bill of sale. Beyond that, as it seems to me, the clear purpose and intent of the arrangement between the judgment debtors and Handman was, if possible, to compel the creditors of the former to compromise their claims upon that basis, and save something out of the assets for the use and benefit of the former. There is a good deal of conflict in the testimony as to the value of the assets turned over to Handman, and the court has made no express finding upon that point. Just what Handman realized from the assets, and what amount of money he actually paid out to the creditors, does not appear. It is true that this is due in part to an objection on the part of plaintiff to inquiries tending to show this, and therefore this should not be urged against the judgment. But upon the whole case it seems to me clear that the purpose and object of the transfer was to put the firm assets into Handman's hands, and prevent any judgment creditor from reaching them, in order that he might speculate with these assets, and, if possible, make some money thereby which would enable him to make a composition with the greater portion of the firm's creditors and save something for the members thereof. If that is so, it is clear that it was a scheme to hinder and delay creditors, and as plaintiff has put his claim in judgment and exhausted his legal remedy he was entitled to attack the transfer. I think that the judgment should be reversed, and a new trial granted; costs to abide the final award of costs.

SADLER et al. v. BOSTON & BOLIVIA RUBBER CO. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by H. McIntosh Sadler and others against the Boston & Bolivia Rubber Company. No opinion. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted, and question certified as stated in order. Order filed. See, also, 125 N. Y. Supp. 1142.

SALTER v. DROWNE et al. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by Georgiana H. Salter against Henry R. Drowne and others. No opinion. Motion denied. Order filed. See, also, 126 N. Y. Supp. 686.

SALVATION ARMY IN UNITED STATES, Respondent, v. AMERICAN SALVATION ARMY, Appellant. (Supreme Court, Appellate Division, First Department. December 23, 1910.) Action by the Salvation Army in the United States against the American Salvation Army. W. L. Cannon, for appellant. D. C. Herrick, for respondent. No opinion. Judgment (122 N. Y. Supp. 97) affirmed, with costs, on the authority of Salvation Army in the U. S. v. American Salvation Army, 135 App. Div. 268, 120 N. Y. Supp. 471. Order filed.

SAWYER v. ADAMS et al. (Supreme Court, Appellate Division, Third Department. December 9, 1910.) Action by Kate A. Sawyer against Jeanette S. Adams and another. PER CURIAM. Order amended, by adding thereto the following: An allowance is made to the receiver of $25, the cost of his surety bond, and $25 for his services, the same to be paid by the plaintiff personally. The receiver shall pay to the life tenant the balance of the rents remaining in his hands. The life tenant may file a surety company bond, approved by a justice of the Supreme Court, in the penalty of $2,000, conditioned for the payment of the insurance money according to the final judgment in this case, or other proper order of the court, in which case the insurance money is to be paid to her by the receiver. If such bond is not filed within 10 days, the receiver shall pay the insurance money into court, subject to the order of the Trial or Special Term hereafter properly made. See, also, 126 N. Y. Supp. 128.

SCHENCK et al., Respondents, v. BOYD, Appellant, et al. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Remsen Schenck and others against Elise Boyd, individually, etc., and impleaded with others. E. W. S. Johnston, for appellant. J. M. Allen, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 140 App. Div. 432, 125 N. Y. Supp. 506, and infra.

SCHENCK et al. v. BOYD. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Remsen Schenck and others against Elise Boyd, individually, etc. No opinion. Motion denied, with $10 costs. Order filed. See, also, supra.

SCHLESINGER v. BEAR et al. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Baldwin Schlesinger, as executor, against Phil Bear, impleaded with others. No opinion. Motion to dismiss appeal denied, upon condition that appellant comply with terms stated in order. Order filed. See, also, 128 App. Div. 494, 112 N. Y. Supp. 826.

SCHONEWALD, Respondent, v. KIERNAN, Appellant. (Supreme Court, Appellate Division, First Department. December 16, 1910.) Action by Abraham Schonewald against Hugh Kiernan. C. J. Farley, for appellant. J. A. O'Leary, for respondent. PER CURIAM. Judgment and order affirmed, with costs. Order filed. INGRAHAM, P. J., and McLAUGHLIN, J., dissent, on the ground that there is no evidence of defendant's negligence.